UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERRANCE JON IRBY,<br><br>            Plaintiff,<br><br>    v.<br><br>STATE OF WASHINGTON, et al.,<br><br>            Defendants. | NO.  C15-5208 RJB-KLS<br><br>**ORDER TO SHOW CAUSE REGARDING APPLICATION TO PROCEED IN FORMA PAUPERIS** |

Plaintiff Terrance Jon Irby has filed an application for leave to proceed in forma pauperis (IFP) and a proposed 42 U.S.C. § 1983 complaint.  Dkt. 1.  Mr. Irby's complaint consists of 26 pages of allegations, a 21 page memorandum, and 29 pages of exhibits.  He purports to sue 24 defendants, including the State of Washington and Department of Corrections (DOC) employees, for conduct that allegedly occurred in three DOC institutions.  He seeks $3 million in damages and or in the alternative, a permanent injunction directing the DOC to allow him to sleep on the end of his bunk that is away from a table, provide him with a a consultation with a neurologist or transfer him to a safe institution.  Dkt. 1-2.

Although Mr. Irby did not provide the Court with all relevant information regarding his litigation history as a prisoner, he acknowledges that he presently has three strikes pursuant to 28 U.S.C. § 1915(g).  *Id.*, p. 1.  He characterizes his complaint as an "emergency complaint for injunctive relief" and claims that he is under imminent danger.

ORDER TO SHOW CAUSE - 1

Section 1915(g), enacted April 26, 1996, provides that a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A review of court records from this District and the Eastern District of Washington[1] shows that at least three of the cases Mr. Irby filed while incarcerated were dismissed as frivolous or for failure to state a claim.

In *Irby v. O'Neill et al.*, (Western District Case No. 2:13-cv-00197-JLR), Mr. Irby's complaint was dismissed on March 11, 2013 with the direction that the dismissal "shall count as a "strike" pursuant to 28 U.S.C. § 1915(g). The Ninth Circuit found his appeal frivolous (Case No. 13-35258), and the mandate was issued on August 2, 2013. In *Irby v. Munden et al.*, (Eastern District Case No. 2:08-cv-5078-EFS), the case was dismissed on March 25, 2009 for failure to state a claim upon which relief may be granted. The dismissal was affirmed on appeal to the Ninth Circuit (Case No. 09-35296) and the mandate was issued on October 14, 2009. In *Irby v. Sinclair, et al.*, (Eastern District Case No. 2:10-cv-05053-LRS), the case was dismissed on September 29, 2010 for failure to state a claim upon which relief may be granted. The dismissal was affirmed on appeal (Case No. 10-35959) and the mandate was issued on October 14, 2009.

Mr. Irby does not dispute that he has pursued three or more civil actions or appeals which were dismissed as frivolous or for failure to state a claim upon which relief may be granted. He may not proceed with this complaint without prepayment of the full filing fee,

---

[1] This court may take notice of judicial proceedings in another court. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

absent a showing that he was "under imminent danger of serious physical injury," at the time he signed his civil rights complaint on April 21, 2014. See 28 U.S.C. § 1915(g).

The Court has reviewed Mr. Irby's lengthy complaint, memorandum, and exhibits. Dkt. 1-2. Much of his submission is rambling and repetitive, rather than short and plain. In his complaint, Mr. Irby names 24 defendants, many of whom are named merely because they are supervisors, but he fails to allege facts showing how each individually named defendant participated in a violation of his constitution rights. Mr. Irby alleges that he sustained injuries at the Stafford Creek Corrections Center (SCCC) in May 2014, at the Clallam Bay Corrections Center (CBCC) in June 19, 2014, and at the Washington State Penitentiary (WSP). It appears, though it is not entirely clear, that Mr. Irby is complaining of injuries to his head and left foot, both of which occurred when he fell off his bunk and hit a nearby table. Mr. Irby complains that a strictly enforced policy requires him to sleep on his bunk with his head next to the outer wall and that because he is prone to lashing out in his sleep when his seizure disorder is not in remission, he is in danger of falling off his bunk. He claims that as recently as March 20, 2015, he was ordered to sleep at the table end of his bunk. He claims that the Defendants are ignoring the existence of a 2014 Health Status Report (HSR) which allows him to sleep on his bunk with his head away from a "dangerous table." Dkt. 1-2, 1-3.

Mr. Irby states that as of March 20, 2015, his numerous emergency grievances have been denied and that he is in imminent danger of serious injury. Dkt. 1-2, p. 3. Mr. Irby alleges that on March 20, 2015 he was placed on suicide watch even though he had no plans to harm himself and even though he told Nurse Fobes that his neurological disorder causes him to

lash out violently and his seizure disorder comes and goes out of remission. Dkt. 1-2, p. 4. Mr. Irby believes that DOC is attempting to place suicidal thoughts in his head. *Id.*, at 5-6.

Mr. Irby alleges that July 2014, he was not properly treated for swollen testicles and a serious bleeding hemorrhoid condition. *Id.*, pp. 13-14. He further alleges that on May 14 and 16, 2014, Nurse Egalworth failed to interview him for his seizure disorder. Dkt. 1-2, p. 14. He alleges that on May 30, 2014 a nurse at Shelton Medical Unit prescribed DivalPro Ex 250 mg. for his seizure disorder even though she was informed that the medicine had an adverse effect on his liver and that on May 30, 2014, Jane Doe at Shelton Medical Unit told him that DOC will not prescribe Dilantin even though he had been prescribed Dilantin for seizures after serious injuries on June 19, 2014. *Id.*, p. 15.

Mr. Irby alleges that on May 9, 2014, Counselor McKinney at the WSP acted in concert with all WSP Defendants in tampering with envelopes addressed to the Eastern District Court in Richland and Spokane. Dkt. 1-2, p. 20. He also mentions property Officer Dunleavy and all supervisors who interfered with his right to communicate with his attorney. Dkt. 1-2, p. 20-21.

Mr. Irby states that he has filed over one hundred grievances since June 18, 2014. Dkt. 1-2, p. 22. And finally, Mr. Irby claims that his transfer from WSP to CBCC was retaliatory. Dkt. 1-2, p. 24.

None of the foregoing assertions are sufficient to demonstrate that Mr. Irby was under "imminent danger of serious physical injury," at the time he filed his complaint, *see Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Having liberally construed the facts presented, the Court finds Mr. Irby is ineligible to file this lawsuit in federal court without paying $400.00 ($350.00 filing fee plus $50.00 administrative fee).

1  Therefore, **IT IS ORDERED** that Mr. Irby shall show cause **by May 8, 2015** why his
2  application to proceed in forma pauperis should not be denied.  In the alternative, Mr. Irby may
3  pay the $400.00 filing fee for this action.  Failure to do so, will be construed as Mr. Irby's
4  consent to dismissal of this action without prejudice for failure to comply with the filing fee
5  requirements of 28 U.S.C. §§ 1914 and 1915[2].

**DATED** this 10th day of April, 2015.

Karen L. Strombom
United States Magistrate Judge

---

[2] If Mr. Irby elects to pay the $400.00 filing fee and proceed with this action, the Court will address the deficiencies of his complaint in a separate order.

ORDER TO SHOW CAUSE - 5