UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERRANCE JON IRBY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF WASHINGTON, et al.,<br><br>　　　　　　Defendants. | CASE NO. C15-5208 RJB<br><br>ORDER ON MOTION FOR CLARIFICATION |

This matter comes before the Court on Plaintiff's Motion for Clarification Judicial Error May Exist. Dkt. 30. The Court has considered this pleading and the remaining record.

On April 28, 2015, U.S. Magistrate Judge Karen L. Strombom issued a Report and Recommendation, recommending that Plaintiff's application to proceed *in forma pauperis* be denied because he has filed three or more civil actions or appeals that were dismissed as frivolous and for failure to state a claim; and because the complaint does not show that he is in imminent danger of serious injury. Dkt. 12. The Report and Recommendation was adopted and Plaintiff was ordered to pay the filing fee or have his case dismissed. Dkt. 15. Plaintiff did not

1  pay his filing fee, but, instead filed a Notice of Appeal on May 26, 2015. Dkt. 16. This case was
2  stayed while the appeal was pending. Dkt. 17.
3     In the instant pleading, Plaintiff points to the Ninth Circuit's November 14, 2016 Order in
4  *Irby v. Gilbert*, Ninth Circuit Court of Appeals case number 16-35373, in which the Court found
5  that an error was committed in *Irby v. Gilbert*, Western District of Washington case number 16-
6  5052 RBL, when Plaintiff was denied *in forma pauperis* status because he had at least three or
7  more civil actions or appeals that were dismissed as frivolous and for failure to state a claim  and
8  because of his failure to assert that he was in imminent danger of a serious injury in his
9  complaint. Dkt. 30. Plaintiff asks this Court to review its decision to deny him *in forma*
10 *pauperis* status in this case because the same dismissed civil actions and appeals were
11 considered. *Id.*

## DISCUSSION

13   "A denial of a motion to proceed *in forma pauperis* is a final judgment that is
14 immediately appealable pursuant to 28 U.S.C. § 1291." *Tripati v. Rison*, 847 F.2d 548, 548 (9th
15 Cir. 1988). Once a notice of appeal is filed from a final judgment, the district court is divested of
16 jurisdiction. *Laurino v. Syringa General Hosp.*, 279 F.3d 750, 755 (9th Cir. 2002); *Griggs v.*
17 *Provident Consumer Disc. Co.*, 459 U.S. 56, 58- 59 (1982). Under Fed. R. Civ. P. 62.1(a)(3),

> If a timely motion is made for relief that the court lacks authority to grant because
> of an appeal that has been docketed and is pending, the court may . . . state either
> that it would grant the motion if the court of appeals remands for that purpose or
> that the motion raises a substantial issue.

This case has been stayed while the appeal regarding the denial of Plaintiff's motion for
IFP is pending. This Court does not have jurisdiction to consider Plaintiff's motion because the
case is still on appeal. Although Plaintiff's motion for clarification is not timely, Plaintiff's
"motion raises a substantial issue." Accordingly, pursuant to Fed. R. Civ. P. 62.1(b), Plaintiff

ORDER ON MOTION FOR CLARIFICATION- 2

"must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1" that the undersigned states that Plaintiff's "motion raises a substantial issue."

### ORDER

Accordingly, it is hereby **ORDERED** that:

- Plaintiff's Motion for Clarification Judicial Error May Exist (Dkt. 30) raises a substantial issue pursuant to Fed. R. Civ. P. 62.1(a)(3); and

- Plaintiff **SHALL** promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1" that the undersigned states that Plaintiff's "motion raises a substantial issue" pursuant to Fed. R. Civ. P. 62.1(b).

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 28th day of February, 2017.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge