UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERRANCE JON IRBY,<br><br>                Plaintiff,<br><br>     v.<br><br>STATE OF WASHINGTON, et al.,<br><br>                Defendants. | CASE NO. C15-5208-RJB-KLS<br><br>ORDER REGARDING MOTION FOR RECUSAL |

Plaintiff Terrance Jon Irby moves to recuse the undersigned. Plaintiff argues that the undersigned failed to recognize that he was in imminent danger and wrongfully denied his requests to join the Washington State Governor in this action and to provide him a copy of the local rules. Dkt. 47.

**BACKGROUND**

Plaintiff filed this lawsuit on March 31, 2015. Dkt. 1. On April 28, 2015, the undersigned recommended that plaintiff's application to proceed *in forma pauperis* be denied because he had at least three 28 U.S.C. § 1915 strikes. Dkt. 12. The recommendation was adopted and plaintiff was directed to pay the Court's filing fee. Dkt. 15. Plaintiff appealed and on September 18, 2015. Dkt. 1. On February 28, 2017, the Ninth Circuit held that one of the §

ORDER REGARDING MOTION TO RECUSE
- 1

1915 strikes (dismissal based on the *Younger* doctrine) should not have been counted as a strike based on intervening authority.  Dkt. 32.  The Ninth Circuit did not address plaintiff's claim that he was in imminent danger.  *Id.*

Following re-referral of this case to the undersigned, the Court granted plaintiff's application to proceed *in forma pauperis* (Dkt. 41) and directed the Clerk to serve plaintiff's complaint (Dkt. 43).  The Court denied plaintiff's motions to join Governor Inslee, to join an already named party, and to consolidate.  Dkt. 44.  The Court also advised plaintiff that if he wished to obtain a copy of the Court's local rules, he could obtain them through the clerk's office.  *Id.*, p. 1.

On March 26, 2017, plaintiff filed a motion to appoint counsel (Dkt. 45) and a motion for the local court rules (Dkt. 46).  The motions are noted for April 14, 2017.  *Id.*

## DISCUSSION

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify herself in any proceeding in which her impartiality "might reasonably be questioned."  A federal judge also shall disqualify herself in circumstances where she has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding.  28 U.S.C. § 455(b)(1).  Pursuant to 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Yagman v. Republic Insurance*, 987 F.2d 622, 626

ORDER REGARDING MOTION TO RECUSE
- 2

(9th Cir.1993).  This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980).  In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id*. at 555.  This Court makes rulings in each case based upon the issues presented by the parties or upon *sua sponte* review by the Court.   The undersigned has no personal bias or reason to be partial to one side or the other in this matter.  The undersigned finds no reason to recuse herself voluntarily from this case and declines to do so.

**CONCLUSION**

There is no reasonable basis for a voluntary recusal in this instance.   However, plaintiff's motion shall be referred to the Chief Judge for a determination of its merits.  Local Rules W.D. Wash. 3(e).  Accordingly,the undersigned **DECLINES** to recuse voluntarily.  Plaintiff's motion for recusal of the undersigned is **REFERRED** to Chief Judge Ricardo Martinez for decision and the Clerk of the Court is directed to place the motion for the recusal of the undersigned on Judge Martinez's motion calendar.

This action and all motions currently pending before the Court are hereby **STAYED** pending resolution of the recusal issue.  No further motions shall be filed in this matter until the

ORDER REGARDING MOTION TO RECUSE
- 3

1 stay is lifted.  Any motion filed while the matter is stayed shall not be considered and shall be

2 dismissed.  The Clerk of the Court shall send a copy of this Order to Plaintiff.

3      **DATED** this 29th day of March, 2017.

*[signature]*
Karen L. Strombom
United States Magistrate Judge

ORDER REGARDING MOTION TO RECUSE
- 4