UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERRANCE JON IRBY,<br><br>    Plaintiffs,<br><br> v.<br><br>STATE OF WASHINGTON, et al.,<br><br>    Defendants. | CASE NO. C15-5208-RJB-KLS<br><br>ORDER DENYING MOTIONS FOR THE APPOINTMENT OF COUNSEL (DKT. 45 AND 52), FOR A FREE COPY OF THE LOCAL RULES (DKT. 46 AND 51), AND TO RESERVE OBJECTIONS |

Plaintiff Terrance Jon Irby has filed two motions for the appointment of counsel (Dkts. 45 and 52), two motions for a free copy of the Court's local rules (Dkts. 46 and 51), and a "motion to reserve objections for any appeal consideration" (Dkt. 50). For the reasons set forth below, the motions will be denied.

**A. Motions for Counsel (Dkts. 45 and 52)**

Plaintiff requests that the court appoint counsel on his behalf because he is unable to afford counsel, his imprisonment greatly limits his ability to litigate, the issues are complex, he is computer illiterate, he is "in a state of suicidal thoughts," and he claims he can only access the court on Sundays and Mondays. Dkt. 45, 1-2.

1       There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.

2 Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party

3 proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. *Wilborn*

4 *v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy,* 745 F.2d 1221, 1236

5 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional

6 circumstances requires an evaluation of both the likelihood of success on the merits and the

7 ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues

8 involved. *Wilborn*, 789 F.2d at 1331. Neither of these factors is dispositive and both must be

9 viewed together before reaching a decision on request of counsel under Section 1915(d). *Id.*

10       Plaintiff has demonstrated an adequate ability to articulate his claims *pro se* but has not

11 demonstrated that the issues involved in this case are complex. Plaintiff also fails to show a

12 likelihood of success on the merits of his claims. *See, e.g.*, *Wilborn*, 789 F.2d at 1331.

13 Plaintiff's incarceration and limited access to legal materials are not exceptional factors

14 constituting exceptional circumstances that warrant the appointment of counsel. Rather, they are

15 the type of difficulties encountered by many pro se litigants. If plaintiff has medical issues that

16 are interfering with his ability to prosecute his case, he should provide the Court with his medical

17 records so that the Court may determine if the appointment of counsel is appropriate. Plaintiff's

18 motions for the appointment of counsel (Dkts. 45 and 52) shall be denied without prejudice.

19 **B.**     **Motions for Free Copy of Local Rules (Dkts. 46 and 51)**

20       Plaintiff asks that the Court provide him with a copy of the Court's local rules at no cost.

21 Dkts. 46 and 51. Plaintiff was previously advised that he if wishes to obtain a copy of the

22 Court's local rules, he may contact the Clerk's Office and make arrangements to pay for a copy.

23 Dkt. 44, at 1. The Court is not in a position to provide printed copies of local and federal rules to

a party making such a request and therefore declines to do so.  Plaintiff's motions (Dkts. 46 and 51) are denied.

**C.      Motion to Reserve Objections (Dkt. 50)**

In this motion, plaintiff appears to object to the Court's Order (Dkt. 44) entered on March 24, 2017.  Dkt. 50, at 1.  Plaintiff states "if the State of Washington is some how [sic] dismissed this would effect [sic] the posture of the case so plaintiff must object to the courts [sic] ruling.  See memorandum." *Id.* No memorandum is attached and it is not clear what plaintiff purports to achieve with this motion.

There is no procedure for "reserving" objections to orders.  If plaintiff objects to a magistrate judge's order, he must file objections to the order within 14 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to.  The district judge will not modify or set aside any part of an order unless it is clearly erroneous or is contrary to law.  *See* Fed. R. Civ. P. 72(a).   Plaintiff's attempt to "reserve" an objection that may occur "if the State of Washington is some how [sic] dismissed," is inappropriate and therefore, this motion (Dkt. 50) is denied.

Accordingly, it is **ORDERED:**

(1)     Plaintiff's motions (Dkts. 45, 46, 50, 51, and 52) are **DENIED.**

(2)     The Clerk shall send a copy of this Order to Plaintiff.

Dated this 14th day of April, 2017.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTIONS FOR THE
APPOINTMENT OF COUNSEL (DKT. 45
AND 52), FOR A FREE COPY OF THE
LOCAL RULES (DKT. 46 AND 51), AND TO
RESERVE OBJECTIONS - 3