UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRANCE JON IRBY,

    Plaintiff,

v.

STATE OF WASHINGTON, et al.,

    Defendants.

CASE NO. C15-5208 RJB-KLS

REPORT AND RECOMMENDATION
**Noted for: May 5, 2017**

Plaintiff Terrance Jon Irby is presently confined at the Clallam Bay Corrections Center. On March 23, 2017, the Court directed service of his 42 U.S.C. § 1983 civil rights complaint. Dkt. 43. At this time, no waivers of service have been returned and the time for defendants to appear and/or answer the complaint has not yet passed.

On April 10, 2017, plaintiff filed a motion for temporary restraining order/preliminary injunction and an "emergency motion." Dkts. 53 and 54. Having reviewed both motions, it is not clear what relief he seeks. Mr. Irby does complain about not having access to his medicine after the prescription expired. However, it is still not clear as to what relief he is seeking. For the reasons set forth below, the undersigned recommends that the Plaintiff's motions be stricken from the Court's docket.

REPORT AND RECOMMENDATION - 1

## DISCUSSION

Under Federal Rule of Civil Procedure 65(a)(1), no preliminary injunction can be issued without notice to the opposing party. A temporary restraining order may be granted under Rule 65(b), but only if:

1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and

2) the [applicant] certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Mr. Irby's pleadings do not meet the requirements of Fed. R. Civ. P. 65(b).

If Mr. Irby seeks relief from the Court, he must set forth his requests in a pleading or motion and he must serve copies of all pleadings and motions on all defendants through their counsel of record pursuant to Fed. R. Civ. P. 5(b)(1). Pursuant to Fed. R. Civ. P. 5(d), plaintiff is also required to attach and file a certificate of service stating that he has served all defendants with the pleading and/or motion every time he files and serves a document. Unless otherwise ordered by the Court, all motions will be decided without oral argument and parties are not to appear on the date the motion is noted unless directed. CR 7(b)(4).

Accordingly, the undersigned recommends that plaintiff's motions (Dkts. 53 and 54) be **stricken from the Court's docket.** Plaintiff may file a motion for temporary restraining order and serve it on all defendants after the defendants have been served with the complaint, in accordance with Fed. R. Civ. P. 65(a)(1). Plaintiff should keep in mind that any issues raised in any such motion must be related to the issues raised in his complaint and he must establish the following: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the

REPORT AND RECOMMENDATION - 2

plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008) (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987)). If plaintiff does re-file his motion, he must also file a certificate of service stating he has served all defendants, through their counsel, with the motion. The motion may be scheduled on the Court's calendar for the third Friday after filing and service of the motion.

## CONCLUSION

The undersigned recommends that the plaintiff's motion for temporary restraining order/preliminary injunction and emergency motion (Dkts. 53 and 54) be **stricken** from the Court's docket without reaching the merits.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 5, 2017**, as noted in the caption.

Dated this 14th day of April, 2017.

Karen L. Strombom
United States Magistrate Judge