UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRANCE JON IRBY,

        Plaintiff,

v.

STATE OF WASHINGTON, et al.,

        Defendants.

CASE NO. C15-5208 RBL-JRC

ORDER

Pursuant to separate Order by District Judge Robert J. Bryan, this case was reassigned to District Judge Ronald B. Leighton and referred to the undersigned for handling of all pretrial matters. Dkt. 91; Dkt. 92. Another case filed by plaintiff, *Irby v. Guidry et al.,* 3:17-cv-17-05070-RBL-JRC was reassigned to the undersigned as a related case. *See* Dkt. entry dated May 9, 2017. A third case filed by plaintiff, *Irby v. Gilbert et al.,* Case No. 16-cv-5052-RBL-JRC is also referred to the undersigned.

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or

ORDER - 1

(3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Under Rule 42, the Court has "broad discretion" to consolidate cases pending in the same district either upon motion by a party or *sua sponte*. *In re Adams Apple., Inc.* 829 F.2d 1484, 1487 (9th Cir. 1987). In exercising this discretion, the Court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States,* 743 F.2d 703, 704 (9th Cir. 1984). Consolidation may be ordered on motion of any party or on the court's own motion whenever it reasonably appears that consolidation would aid in the efficient and economic disposition of a case. *See In re Air Crash Disaster at Florida Everglades on December 29, 1972,* 549 F.2d 1006 (5th Cir. 1977). The grant or denial of a motion to consolidate rests in the trial court's sound discretion, and is not dependent on party approval. *Investors Research Co. v. United States Dist. Ct.,* 877 F.2d 777 (9th Cir. 1989); *Cantrell v. GAF Corp.,* 999 F.2d 1007, 1007, 1001 (6th Cir. 1993). In determining whether to consolidate actions, the court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation. *Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc.,* 720 F. Supp. 805, 807 (N.D. Cal. 1989).

Plaintiff has three open cases in this Court, with overlapping claims and issues. Plaintiff has filed identical motions in two of his cases. *See* Case No. 15-5208 at Dkt. 54; *See also* Case No. 17-5070 at Dkt. 49. From March to April 2017, plaintiff filed ten motions for injunctive relief, all seeking similar relief related to his mental health treatment and access to legal materials. *See* Case No. 15-5208 at Dkt. 53, 54, 59, 61; Case No. 17-5070 at Dkt. 41; 43, 46, 49, 50, 56. Plaintiff also appears to seek leave to add his claims related to Case Nos. 16-5052 and 17-5070 to Case No. 15-5208. *See* Case No. 15-5208 at Dkt. 61 (Motion to Join Claim). At this time, plaintiff has twenty-three motions pending between all three cases. *See* Case No. 15-5208;

Case No. 16-5052; Case No. 17-5070. Plaintiff's multiple filings have made the three cases difficult to manage for both the Court and opposing counsel.

On March 12, 2017, Magistrate Judge Karen L. Strombom denied plaintiff's motion to consolidate this case with plaintiff's two other pending cases, Case No. 16-cv-5052-RBL-JRC and 17-cv-5070-RBL-JRC. Case No. 15-5208 at Dkt. 36. Plaintiff alleged that the three cases raised identical issues and for the most part, named the same defendants. *Id.* Magistrate Judge Strombom denied the motion to consolidate without prejudice, finding that plaintiff had failed to meet the requirements of Local Rule 42 and meet and confer with defendants. *Id.* at Dkt. 44. At that time, no defendants had entered an appearance in this case. On April 25, 2017, defendants Geurdy, State of Washington, Zabodny, Warner, Sinclar, Pacholke, Obenland, David McKinney, Russ McKinney, Brenda McKinney, Kroha, Johnson, Fobes, Dunleavy, Cleveland, Bowman, Drogseth, and Roberts entered waivers of service. *Id.* at Dkts. 68-85.

Based on the Court's examination of these three actions, the three cases require application of similar laws, and involve similar facts and parties. Thus, the Court finds that consolidation may result in judicial economy and convenience, and may reduce confusion. Now that defendants have entered an appearance in this matter, the Court directs the parties to show cause on or before May 19, 2017 why this case should not be consolidated with Case No. 16-cv-5052-RBL-JRC and Case No. 17-cv-5070-RBL-JRC. The parties' response to this Order is limited to five pages.

With respect to plaintiff's pending motions for injunctive relief, because plaintiff's numerous motions appear to overlap in allegations and facts, plaintiff is directed to file ONE complete motion for preliminary injunction, addressing all of his claims on or before May 19,

2017. Plaintiff's motion is limited to ten pages. Upon review of plaintiff's complete motion for injunctive relief, the Court will determine whether a response from defendants is necessary.

In addition, the Court orders that all three cases are stayed, (Case Nos. 15-5208, 16-5052 and 17-5070) pending the parties' response to this Order. *Lockyer v. Mirant Corp.* 398 F.3d 1038, 1109 (9th Cir. 2005) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) ("A district court has the discretionary power to stay proceedings in its own court."). The parties are advised that until the stay is lifted, the Court will not consider any future filings, aside from the response to this Order and plaintiff's ONE motion for injunctive relief. The Court may strike any pleading that does not comply with this Order.

The Clerk is directed to also file this Order in Case Nos. 16-5052 and 17-5070 and re-note all pending motions to May 19, 2017.

Dated this 11th day of May, 2017.

J. Richard Creatura
United States Magistrate Judge