UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRANCE JON IRBY,

          Plaintiff,

v.

STATE OF WASHINGTON, et al.,

          Defendants.

CASE NO. 3:15-CV-05208-RBL-JRC

ORDER

On May 11, 2017, the undersigned directed the parties to show cause why this case should not be consolidated with Case No. 16-cv-5052-RBL-JRC and Case No. 17-cv-5070-RBL-JRC. Dkt. 94. On May 18, 2017, plaintiff filed a fourth case, Case No. 17-cv-5377-RBL-JRC.

**1. Consolidation**

Defendants do not oppose consolidation and believe that it would serve the interests of justice and court efficiency. Case No. 15-cv-5208 at Dkts. 97, 99, 105; Case No. 16-cv-5052 at Dkts. 125, 126; Case No. 17-cv-5070 at Dkts. 63, 66. Plaintiff also agrees with consolidation of his cases. Case No. 15-cv-5208 at Dkt. 111.

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Under Rule 42, the Court has "broad discretion" to consolidate cases pending in the same district either upon motion by a party or *sua sponte. In re Adams Apple., Inc.* 829 F.2d 1484, 1487 (9th Cir. 1987).

Although plaintiff's fourth case, Case No. 17-cv-5377-RBL-JRC, was filed after the Court's May 11, 2017 Order, the Court finds that all four cases require application of similar laws, and involve similar facts and parties. Thus, the Court finds that consolidation of all four cases will result in judicial economy and convenience, and reduce confusion.

Accordingly, the Court ORDERS:

(1) Case No. 16-cv-5052-RBL-JRC, Case No. 17-cv-5070-RBL-JRC, and Case No. 17-cv-5377-RBL-JRC are consolidated with this action.

(2) This action, Case No. 15-5208-RBL-JRC, shall remain the lead case. All future filings shall bear Case No. 15-5208-RBL-JRC.

(3) Plaintiff shall file one amended complaint setting forth all claims in this consolidated matter on or before **July 14, 2017.** The amended complaint shall be the operative complaint in this consolidated action. The amended complaint is limited to 25 pages in length, including exhibits.

(4) The stay is continued until July 14, 2017. The undersigned again advises the parties that it will not consider any future filings, aside from plaintiff's consolidated amended complaint. The Court may strike any pleadings that fail to comply with this Order. *See* Dkt. 94.

**2. Consolidated Motion for Preliminary Injunction (Dkt. 100)**

In its May 11, 2017 Order, the undersigned also directed plaintiff to file one motion for preliminary injunction, limited to ten pages, addressing all of his claims. Dkt. 94. On May 19, 2017, plaintiff filed his consolidated motion for preliminary injunction, which was ten pages in length. Dkt. 100. Plaintiff then filed two addendums of an additional 12 pages to his motion for preliminary injunction. Dkts. 101, 102. As plaintiff was previously advised of the ten page limit for his consolidated motion for preliminary injunction, the Court will not consider plaintiff's additional addendums at this time.

If plaintiff files a consolidated amended complaint, setting forth all of his claims in this consolidated matter, on or before July 14, 2017, the Court will procced with the consolidated amended complaint. The consolidated amended complaint will act as a complete replacement for the original complaint, and plaintiff's requests for injunctive relief may be mooted. *See e.g. Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984) (the purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the *underlying claim*); *Maloney v. Ryan*, 2013 WL 3282324, *2 (D. Ariz. June 28, 2013) ("because plaintiff's original complaint no longer serves any function in this case, it cannot form the basis for his pending TRO motion seeking relief solely related" to the original complaint) (internal quotations omitted). Therefore, the Clerk is directed to re-note the consolidated motion for injunctive relief (Dkt. 100) for July 14, 2017.

**3. Motions Filed After May 11, 2017**

In its May 11, 2017 Order, the undersigned advised the parties that it would not consider any future filings, aside from the response to the Court's order to show cause, and plaintiff's one

motion for injunctive relief. Dkt. 94. The parties were advised that the Court would strike any pleading that failed to comply with the Court's Order. *Id.*

On May 24, 2017, plaintiff filed a motion for clarification (Dkt. 108) and motion to modify court order (Dkt. 11). The Court strikes both motions, for failure to comply with the Court's May 11, 2017 Order.

**4. All Remaining Motions**

In the interests of efficiency and judicial economy, the Court denies without prejudice all remaining pending motions in Case No. 15-cv-5208-RBL-JRC, Case No. 16-cv-5052-RBL-JRC, Case No. 17-cv-5070-RBL-JRC, and Case No. 17-cv-5377-RBL-JRC. However, the parties may refile their motions after plaintiff has filed his consolidated amended complaint, containing all of his claims.

Dated this 20th day of June, 2017.

J. Richard Creatura
United States Magistrate Judge