UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRANCE JON IRBY,

        Plaintiff,

v.

STATE OF WASHINGTON;
BERNIE WARNER; DAN
PACHOLKE; STEVE SINCLAIR;
et al.,

        Defendants.

CASE NO. 15-cv-5208-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: August 4, 2017

    This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

    Before the Court is plaintiff's motion to dismiss parties. Dkt. 117. Defendant has responded, agreeing with plaintiff and requesting that the Court enter an order dismissing Dale Robertson, PA-C. *See* Dkt. 120.

REPORT AND RECOMMENDATION - 1

In order to ensure that only properly identified and named defendants remain in this matter, plaintiff's motion to dismiss parties (Dkt. 117) should be granted, and Dale Robertson, PA-C should be dismissed as a defendant in this matter.

## BACKGROUND

Plaintiff filed his amended complaint on June 28, 2017. Dkt. 116. Plaintiff erroneously failed to delineate the named defendants in his amended complaint. *See id.* Although not specified as defendants in the amended complaint, in an attempt to give plaintiff every benefit of the doubt, certain parties initially were listed in the docket as defendants, including Dale Robertson, PA-C (referred to as "Assistant Roberts" by plaintiff in his motion to dismiss parties (Dkt. 117), and referred to as "Dr. Roberts" in plaintiff's Notice of Corrections (Dkt. 121)). Subsequently, plaintiff filed a Notice of Correction, indicating that he never intended to name some of these individuals as defendants, although they were initially listed on the docket as defendants based on their names appearing in the text of the amended complaint. *See* Dkt. 121. These individuals were removed from the docket, per plaintiff's Notice of Correction. *See id.*

## CONCLUSION

For the reasons stated, in order to ensure that only properly identified and named defendants remain in this matter, the Court recommends granting plaintiff's motion to dismiss parties (Dkt. 117) and dismissing defendant Dale Robertson, PA-C.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

1 | *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

2 | imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on August 4,

3 | 2017 as noted in the caption.

4 | Dated this 13th day of July, 2017.

J. Richard Creatura
United States Magistrate Judge