UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRANCE JON IRBY,

    Plaintiff,

v.

STATE OF WASHINGTON, et al.,

    Defendant.

CASE NO. 3:15-cv-05208-RBL-JRC

ORDER DENYING MOTIONS FOR LEAVE TO FILE ADDITIONAL PAGES AND ORDER TO FILE SECOND AMENDED COMPLAINT

This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

Before the court are two motions for leave to file excess pages. Dkts. 129, 132. In these motions, plaintiff states that he was confused by the requirements limiting his amended complaint to 25 pages and that, due to this page limit, he was unable to include all named defendants. Plaintiff's motions to file additional pages are denied. However, plaintiff is directed to file a second amended complaint including all defendants and all claims. In light of his difficulty including all defendants in his first amended complaint, his second amended complaint may not exceed 30 pages. The second amended complaint must be filed by September 28, 2017.
ORDER DENYING MOTIONS FOR LEAVE TO FILE
ADDITIONAL PAGES AND ORDER TO FILE
SECOND AMENDED COMPLAINT - 1

## DISCUSSION

Pursuant to this Court's order, plaintiff filed an amended complaint on June 28, 2017. Dkt. 116. Defendants filed an answer to the amended complaint on July 13, 2017. Dkt. 124. Defendant Guidry also filed a motion to dismiss for failure to state a claim on July 14, 2017. Dkt. 126. On July 26, 2017, plaintiff filed his first motion for leave to filed excess pages. Dkt. 129. In that motion, he noted that he did not fully understand the Court's order limiting his complaint to 25 pages, and that had he understood the rules, "his briefing would have look [sic] more like what is presented today." *Id*. Included within his motion were eight documents, some adding argument to his amended complaint and some addressing defendant Guidry's motion to dismiss. *Id*. Plaintiff filed a second motion for leave to filed additional pages "due to the amount of claims raised and defendants involved numerous and expanding all the time and the changing nature, posture, of the case." Dkt. 132. He further filed a "motion for clarification," asking whether the court had received some of his prior filings (Dkt. 131) and a motion for judgment on the pleadings (Dkt. 133).

### I. Motions for Leave to File Additional Pages

The Court clearly ordered that plaintiff may file a single amended complaint setting forth all claims and that the complaint may not exceed 25 pages. Dkt. 113. Plaintiff's motion for leave to file additional pages is therefore denied. However, due to plaintiff's confusion and apparent inability to include all defendants in his amended complaint (Dkt. 116), the Court grants plaintiff leave to file a second amended complaint.

Any amended pleading, including the second amended complaint, operates as a complete substitute for the previously filed complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The Court will consider only the allegations, claims, and defendants named

in the most recent complaint. Currently, the operative complaint in this case is plaintiff's first amended complaint. *See* Dkt. 116. All claims alleged in plaintiff's motions for additional pages will not be considered. If plaintiff files a second amended complaint, the first amended complaint will not be considered by the Court. Therefore, plaintiff must rename all defendants and must re-allege all factual allegations and claims he wishes to pursue in this action in the second amended complaint. He may also include allegations and defendants not contained in his first amended complaint, but included in his motions for additional pages.

The Court orders as follows:

- Plaintiff may file a second amended complaint;
- Plaintiff must re-allege all claims he intends to pursue in this case in the second amended complaint;
- Plaintiff may add new claims not included in the first amended complaint, but included in his motions for additional pages;
- Plaintiff may name defendants not included in his first amended complaint;
- Plaintiff may remove any named defendants; and
- Upon receipt of the second amended complaint, the second amended complaint will replace all previously filed complaints. The Court will not consider any claims, facts, or allegations contained in plaintiff's original complaint or first amended complaint.

The second amended complaint must be filed by September 28, 2017.

The Court reminds plaintiff, under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)(e).

Within the second amended complaint, plaintiff must write a short, plain statement telling the Court:

    (1) The constitutional right plaintiff believes was violated;

    (2) The name of the person who violated the right;

    (3) Exactly what the individual did or failed to do;

    (4) How the action or inaction of the individual is connected to the violation of plaintiff's constitutional rights; and

    (5) What specific injury plaintiff suffered because of the individual's conduct.

*See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

Plaintiff is reminded that, in his short, plain statement, he need not cite to case law. Rather, he should explain to the Court his injury, the constitutional right he was allegedly deprived of or that was violated, and the person or persons responsible for the deprivation or violation.

Plaintiff is instructed to file only the second amended complaint. He shall not include any argument as a response to defendant Guidry's motion to dismiss (Dkt. 126). If he wishes to file a response to the motion to dismiss, he shall do so in a separate document and file it with the court on or before October 2, 2017.

## II. Motion for Clarification

Plaintiff filed a motion for clarification, asking whether the Court received several documents attached to his first motion for additional pages (Dkt. 129). *See* Dkt. 131. However, because the Court has denied that motion, clarification about its contents is no longer necessary. Therefore, the Court denies the motion for clarification as moot. However, the Court instructs the Clerk to forward an updated copy of the docket sheet to plaintiff.

ORDER DENYING MOTIONS FOR LEAVE TO FILE
ADDITIONAL PAGES AND ORDER TO FILE
SECOND AMENDED COMPLAINT - 4

1 **INSTRUCTIONS TO PLAINTIFF AND THE CLERK**

2 Plaintiff is instructed to file only the second amended complaint. He shall not include any argument as a response to defendant Guidry's motion to dismiss (Dkt. 126). If he wishes to file a response to the motion to dismiss, he shall do so in a separate document and file it with the Court on or before October 2, 2017.

Plaintiff is also instructed to file all pleadings, including complaints, motions, answers, and replies, separately. Multiple motions in one document and pleadings filed as attachments to other pleadings (*e.g.*, Dkt. 129-3 at 31-81 (response to motion to dismiss and reply to plaintiff's answer filed as single document attached to motion for leave to file excess pages)) will not be considered and will be returned to plaintiff.

Because plaintiff may add or remove claims or defendants in the second amended complaint, the Clerk is instructed to re-note defendant Guidry's motion to dismiss (Dkt. 126) and plaintiff's motion for judgment on the pleadings (Dkt. 133). Both motions (Dkts. 126, 133) should be re-noted for **October 6, 2017**.

The Clerk is further instructed to forward an updated copy of the docket sheet to plaintiff.

Both plaintiff's motions for additional pages (Dkts. 129, 132) are denied and plaintiff is ordered to file a second amended complaint **on or before September 28, 2017**.

Dated this 29th day of August, 2017.

_____
J. Richard Creatura
United States Magistrate Judge