UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRANCE JON IRBY,

                Plaintiff,

v.

STATE OF WASHINGTON, et al.,

                Defendants.

CASE NO. 3:15-cv-05208-RBL-JRC

ORDER GRANTING MOTION TO STRIKE AND MOTION TO CORRECT

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

Plaintiff requests that the Court strike his motion for judgment on the pleadings and that he be allowed to correct his current complaint. Because the motion to strike is unopposed, the Court grants it. In addition, because plaintiff has filed so many pleadings, defendants are confused about which complaint is the operative complaint in this case. The Court understands the defendants' confusion. Therefore, the Court grants plaintiff's motion to correct and notes

ORDER GRANTING MOTION TO STRIKE AND
MOTION TO CORRECT - 1

that the complaint attached to his motion (Dkt. 178 at 1-30) is the operative complaint in this case.

## BACKGROUND

Plaintiff originally filed this action in 2015. Dkt. 1. In August of 2017, plaintiff filed a motion for judgment on the pleadings. Dkt. 133. Subsequently, after filing an amended complaint and with permission of the Court, he filed a second amended complaint. Dkt. 165. He filed a "corrected" second amended complaint shortly thereafter. Dkt. 167. Later, he filed a motion requesting the Court strike the motion for judgment on the pleadings in light of his newly amended complaint. Dkt. 177. The same day, he filed a motion to again correct his complaint. Dkt. 178. One week later, he filed another motion to strike and another motion to correct. Dkts. 180, 182. Defendants responded, stating they do not oppose the motion to strike and ask that the Court clarify, in light of the numerous pleadings, which complaint is the operative complaint in this case. Dkts. 184, 185, 186, 187.

## DISCUSSION

### I. Motion to Strike

Plaintiff has filed a motion to strike his motion for judgment on the pleadings. Dkt. 177. Noting that defendants do not oppose this motion, the Court grants it. The Clerk is instructed to strike plaintiff's motion for judgment on the pleadings (Dkt. 133). The Court also denies plaintiff's second motion to strike (Dkt. 180) as duplicative.

### II. Motion to Correct Plaintiff's "Corrected Second Amended Complaint"

Plaintiff also asks the Court's permission to correct his "corrected second amended complaint." As a matter of course, a party may amend its pleading once within 21 days of serving it or, if it is a pleading requires a response, within 21 days after service of the response.

Fed. R. Civ. Proc. 15(a)(1). In all other cases, "a party may amend its pleading only with . . . the court's leave." *Id.* (a)(2). "The court should freely give leave when justice so requires." *Id.*

Here, plaintiff requests permission to correct several typographical errors. However, he has requested this correction in a convoluted manner. *See* Dkts. 165, 167, 178, 182; *see also* Dkts. 184, 185, 186, 187. The Court agrees with defendants that plaintiff's various filings are causing greater confusion than clarity. In the interests of justice, to properly put defendants on notice of plaintiff's claims, the Court grants plaintiff's motion to correct his corrected second amended complaint (Dkt. 178). **The operative complaint is therefore the complaint filed with plaintiff's motion to correct (Dkt. 178 at 1-30).** The Clerk is instructed to docket that complaint (Dkt. 178 at 1-30) as plaintiff's third amended complaint. In light of this amended complaint, defendants may file supplemental answers to plaintiff's motion for preliminary injunction (Dkt. 100) on or before November 13, 2017.

Further, plaintiff is reminded he may not amend or correct his complaint further without leave of the Court. He is also instructed that the Court will not look favorably on further requests to amend or correct his complaint unless there are substantive reasons for doing so.

Finally, the Court denies plaintiff's second motion to correct (Dkt. 182) as duplicative.

## CONCLUSION

For the reasons noted above, it is ORDERED:

1. Plaintiff's motion to strike (Dkt. 177) is granted. The Clerk is instructed to strike plaintiff's motion for judgment on the pleadings (Dkt. 133).

2. Plaintiff's second motion to strike (Dkt. 180) is denied as duplicative.

3. Plaintiff's motion to correct (Dkt. 178) is granted. The Clerk is instructed to docket plaintiff's corrected complaint filed with the motion (Dkt. 178 at 1-30) as plaintiff's third

amended complaint. The third amended complaint will be the operative complaint in this action.

4. Plaintiff's second motion to correct (Dkt. 182) is denied as duplicative.

5. Plaintiff is reminded that he may not further amend his complaint or file additional amended complaints without leave of the Court.

6. The Clerk is instructed to re-note plaintiff's motion for preliminary injunction (Dkt. 100) to November 17, 2017. The Clerk is further instructed to re-note defendant Guidry's motion to dismiss for failure to state a claim (Dkt. 126) to November 17, 2017.

7. Defendants may file supplemental answers to plaintiff's motion for preliminary injunction (Dkt. 100) on or before November 13, 2017.

Dated this 12th day of October, 2017.

J. Richard Creatura
United States Magistrate Judge