UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TERRANCE JON IRBY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF WASHINGTON, et al.<br>et al,<br><br>　　　　　　　Defendants. | CASE NO. 3:15-cv-05208-RBL-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: JANUARY 5, 2018 |

　　Sometimes, too much is simply not enough. Here, plaintiff has filed, and continues to file, a plethora of pleadings, but so far, none of them set forth a simple plain statement that would entitle him to relief. Until and unless he can do so, the Court will continue to recommend that his complaints be dismissed. The Court recommends that he again be given one more chance to do so. In the future, failure to provide such a plain statement will result in a dismissal of his claim with prejudice.

## BACKGROUND and PROCEDURAL HISTORY

Plaintiff, a state prisoner currently held at the Washington Corrections Center ("WCC"), originally filed this action in March of 2015. Dkt. 1. He subsequently filed three other cases based on similar facts. *See Irby v. Gilbert*, No. 3:16-cv-05052-RBL-JRC; *Irby v. Guidry*, No. 3:17-cv-05070-RBL-JRC; *Irby v. Abraha*, No 3:17-cv-05377-RBL-JRC. In June of 2017, the Court ordered that those three cases be consolidated with the present case as the lead case. Dkt. 113. The Court ordered plaintiff to file a consolidated complaint, setting forth all allegations from all four cases. *Id*.

Plaintiff filed his amended complaint. Dkt. 116. Defendants filed an answer. Dkt. 124. Both parties subsequently filed numerous motions, asking for extensions of time, leave to file excess pages, and moving to dismiss the action. *See* Dkt. The Court eventually ordered that plaintiff file a second amended complaint. Dkt. 157. Plaintiff filed his second amended complaint in September of 2017 (Dkt. 165), and shortly thereafter filed a motion to voluntarily dismiss several defendants (Dkt. 162). Plaintiff then filed a "corrected" second amended complaint (Dkt. 167), a motion to correct/amend the corrected second amended complaint (Dkt. 178), and a second motion to correct/amend the corrected second amended complaint (Dkt. 182).

Defendants filed responses, explaining that plaintiff had filed so many documents, they were unclear which was the operative complaint and therefore did not understand what the Court expected them to respond to. Dkts. 185, 186, 187. To clarify, the Court ordered that the most recent proposed complaint (Dkt. 178 at 1-30) be docketed as plaintiff's third amended complaint and that defendants respond to that. Dkts. 189, 190. The third amended complaint made numerous allegations, including claims for deliberate indifference, claims under the American with Disabilities Act ("ADA"), claims challenging his conditions of confinement and access to

courts, and claims for conspiracy. Dkt. 190. Both the state defendants and defendant Guidry filed motions to dismiss in response. Dkts. 198, 208. Plaintiff responded (Dkts. 219, 220, 221) and defendants replied (Dkts. 226, 227). Plaintiff has subsequently filed a series of additional motions that are still pending before the Court. Dkts. 203, 204, 215, 228, 229, 230, 231.

**STANDARD OF REVIEW**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Id.*; *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

When a plaintiff is proceeding *pro se*, his allegations must be viewed under a less stringent standard than allegations of plaintiffs represented by counsel. *Haines v. Kerner,* 404 US 519 (1972), *reh'g denied,* 405 U.S. 948 (1972); *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en banc) (petitioner should be afforded the "benefit of any doubt").

**MATERIALS FOR CONSIDERATION**

The Court has considered plaintiff's third amended complaint (Dkt. 190), defendants' motions for dismissal (Dkts. 198, 208), plaintiff's responses to those motions (Dkts. 219, 220, 221), and defendants' replies (Dkts. 226, 227). The Court has also considered plaintiff's notice of voluntary dismissal as to 11 defendants. Dkt. 239.

## DISCUSSION

The first step in a § 1983 claim is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To state a claim for relief under 42 U.S.C. § 1983, at least two elements must be met: (1) the alleged infringement must have been proximately caused by a person acting under color of state law and (2) defendants' conduct must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Paratt v. Taylor*, 451 U.S. 527 (1981). A third element of causation is implicit in the second element. *See Mt. Healthy City School Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert denied*, 449 U.S. 875 (1980). A plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Defendants do not contest that they were acting under the color of state law and thus, the Court addresses whether defendants' conduct deprived plaintiff of any constitutional rights.

### I. Defendants as the State or Arms of the State

In his complaint, plaintiff names the State of Washington as well as the "entity-municipality (SCCC) (CBCC)," which this Court interprets to refer to the Stafford Creek Corrections Center ("SCCC") and the Clallam Bay Corrections Center ("CBCC") respectively. 42 U.S.C. § 1983 applies to the actions of "persons" acting under color of state law. However, for the purposes of § 1983, a state is not a "person." *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Similarly, an agency that is an arm of the state is also not a "person" under § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *also Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam)

(concluding that the suit against the state Board of Corrections was barred by the Eleventh Amendment).

Here, defendants Washington, SCCC, and CBCC cannot be held liable under § 1983. Because defendant Washington is a state, it is not a "person" for § 1983 purposes. Defendants SCCC and CBCC are both prisons run by the Washington Department of Corrections -- a state agency. Similar to states, state agencies cannot be sued under § 1983. Because of this, plaintiff has named these defendants improperly. Therefore, the Court recommends the three above noted defendants be dismissed from the action.

**II.     Personal Participation**

To state a claim under 42 U.S.C. § 1983, plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). A § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989). Plaintiff must show that an individual defendant participated in or directed the alleged harm, or knew of the harm and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999).

In their motion to dismiss, defendants claim that plaintiff has failed to allege personal participation for a number of named defendants. The Court agrees. First, as defendants properly note, plaintiff fails to name in the caption or make any claims against Bernard Warner, Michael

1 | Obenland, Ron Haynes, Doug Matthews, or Charles Casey. Dkt. 190. Similarly, though
2 | defendant Robert Herzog is noted in the caption, plaintiff makes no allegations against him in the
3 | body of the complaint. *Id*. Because of this, plaintiff has not alleged any facts to support a claim
4 | that any of these defendants personally participated in any constitutional deprivation and
5 | therefore, these defendants should be dismissed from the action.

6 | Plaintiff has also not provided sufficient information on how defendants Ann Forbes,
7 | "RN Preston," "K. Rainer," "E. Gonzalez," and Jay Inslee personally participated in any
8 | constitutional deprivation. Plaintiff alleges that defendants Forbes and Preston appeared at
9 | plaintiff's cell door. Dkt. 190 at 25. However, he does not elaborate or explain how they engaged
10 | in any sort of unconstitutional behavior. Similarly, plaintiff claims that defendants Rainer and
11 | Gonzalez both committed "willful misconduct," but he does not explain what the alleged
12 | misconduct is. *Id*. at 12. He further states that defendant Inslee "should have known" that his
13 | actions constituted harm to plaintiff, but once again does not elaborate on his allegations. These
14 | are vague allegations that do not explain how any of these defendants violated plaintiff's rights.
15 | Because of this, plaintiff has not shown that these defendants personally participated in any
16 | constitutional violation and these defendants, as well, should be dismissed from the action.

17 | Finally, plaintiff has named several defendants solely in their supervisory capacity. He
18 | claims that defendant Margaret Gilbert knew of, but ignored, the constitutional violations against
19 | defendant. Dkt. 190 at 26. However, again, he makes only a bare allegation. He also alleges
20 | defendants Chris Bowman, Dan Pacholke, Scott Frakes, and Steven Sinclair were aware of
21 | plaintiff's request for better housing and his alleged property violations because of their
22 | supervisory role. *Id*. at 10. Once more, his claim is only a bald assertion. And, as noted above,
23 | liability under § 1983 cannot be based on a defendants' supervisory role alone. Because of this,
24 |

plaintiff has not provided enough information to state a claim against these defendants. Therefore, the Court recommends granting defendants' motion as to the above noted defendants.

### III. Claims Under the Americans With Disabilities Act

Title II of the Americans with Disabilities Act ("ADA") protects against discrimination with regard to the provision of the benefits of a prison's "services, programs, or activities on account of a prisoner's disability." *Castle v. Eurofresh, Inc.*, 731 F.3d 901, 906 (9th Cir. 2013) (*quoting* 42 U.S.C. § 12112(a) (*emphasis added*)). To prove that a public program or service violated Title II of the ADA, a plaintiff must demonstrate that: (1) they are a qualified individual with a disability; (2) they were either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or were otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of their disability. *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001). In order to show that an entity violated the ADA, a plaintiff must show that "that the public entity denied the plaintiff a reasonable accommodation." *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 795 F.3d 1067, 1083 (9th Cir. 2015). Plaintiff has the burden to make his *prima facia* case. *Id.*

Here, plaintiff alleges that he is disabled and that defendants refuse to recognize accommodations necessary for his disabled status. Dkt. 190 at 2. He alleges that they refuse to follow the recommendations of his outside consultants and appears to claim that they refuse to recognize or treat several of his ailments, both mental and physical. *Id*. However, plaintiff has not alleged sufficient facts to show that he is a disabled individual as contemplated in the ADA. He has written a list of injuries and maladies he suffers from, but has not explained how they have rendered him disabled. Further, he has not shown that he was denied a reasonable

accommodation or that any denial made by defendants was because of his allegedly disabled status. *See Brenneise*, 795 F.3d at 1083. Rather, he provides a confusing list of mental and physical issues, but fails to explain what defendants have done to deny him accommodations or otherwise discriminate against him. Plaintiff has not pled facts sufficient for a *prima facie* case under the ADA. Therefore, the Court recommends that defendants' motion be granted on this claim in favor of all the remaining defendants.

**IV.　Medical Deliberate Indifference**

Plaintiff alleges various defendants have been deliberately indifferent to his medical care. To establish a constitutional violation under the Eighth Amendment due to inadequate medical care, a plaintiff must show "deliberate indifference" by prison officials to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

A determination of deliberate indifference involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendants' response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992) *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). First, a "serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction of pain contrary to contemporary standards of decency. *Helling v. McKinney*, 509 U.S. 25, 32-35; *McGuckin*, 954 F.2d at 1059. Second, the indifference to medical needs must be substantial; a constitutional violation is not established by negligence or "an inadvertent failure to provide adequate medical care." *Estelle*, 429 U.S. at 105-06; *Anthony v. Dowdle*, 853 F.2d 741, 743 (9th Cir. 1988). Prison officials violate their obligation by "intentionally denying or delaying access to medical care." *Estelle,* 429 U.S. at 104–05.

A difference of opinion between an inmate and medical authorities regarding proper medical treatment does not give rise to a § 1983 claim. *Franklin v. Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981). It is well established that differing opinions on medical treatment do not amount to a violation under the Eighth Amendment. *Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir. 1989) (citations omitted). To prevail on an Eighth Amendment claim in these circumstances, a plaintiff must show "that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Id.* In general, an expert opinion is necessary to establish a claim of deliberate indifference. *See Hutchinson v. United States,* 838 F.2d 390 (9th Cir. 1988).

Plaintiff alleges various instances of deliberate indifference in his medical treatment. He alleges that he has Peyronie's disease -- a disease for which he is being denied surgery. Dkt. 190 at 6.[1] He later complains that his genitals were swollen and painful, that his provider failed to diagnose him, and that he had to lie in order to receive ibuprofen for the pain. Dkt. 28-29. He further alleges that he was not provided his preferred amount of Dilantin -- a seizure medication. Dkt. 190 at 13. He also states that defendant Dr. David Guidry made him "choose between four evils" when he attempted to put him on depakote, lithium, speridal, or thorizine, drugs that plaintiff believes give him a "chemical prefrontal [lobotomy]." *Id*. at 15. He states that, rather than prescribing him these drugs, he should have been sent back to medical "with recommendations for Dilantin." *Id*. at 14.

---

[1] The Court notes that this claim is also procedurally barred. The Washington Statute of Limitations is three years. Plaintiff's Peyronie's disease claim accrued in 2010, the first time he was denied surgery. Dkt. 190 at 6. However, plaintiff did not file this action until 2015. Dkt. 1. Therefore, the three year statute of limitations had run and this claim is untimely. However, for the sake of clarity, the Court includes it in plaintiff's medical deliberate indifference section.

REPORT AND RECOMMENDATION - 9

1       Here, plaintiff has not pled facts that establish any of the defendants were deliberately indifferent to plaintiff's medical care. It is clear from plaintiff's complaint that he is, in fact, receiving care. It appears that he simply does not agree with the treatment he is receiving. He does not claim that the doctor ignored his swollen genitals; rather, he claims his doctor misdiagnosed him. Even if this constitutes negligence, it does not constitute deliberate indifference. *See Estelle*, 429 U.S. at 105-06. Further, plaintiff seems to think that Dilantin is a better option for him than the other drugs his doctor prescribed. However, a difference of opinion between an inmate and his treatment provider does not rise to the level of deliberate indifference. *See Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir. 1989). Because this is simply a difference in opinion, and because plaintiff provides no other indication that he is receiving indifferent treatment, the facts do not support a violation of the Eighth Amendment. Therefore, the Court recommends that defendants' motion be granted and this claim be dismissed.

### V.    Conditions of Confinement

Plaintiff next alleges that he is being housed in unacceptable living conditions. The Eighth Amendment's prohibition of cruel and unusual punishment imposes duties on prison officials to provide prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care, and personal safety. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Helling v. McKinney*, 509 U.S. 25, 31 (1993).

To state a claim for unconstitutional conditions of confinement, a plaintiff must allege that a defendant's acts or omissions have deprived the inmate of "the minimal civilized measure of life's necessities" and that the defendant acted with deliberate indifference to an excessive risk to inmate health or safety. *Allen v. Sakai,* 48 F.3d 1082, 1087 (9th Cir. 1994) (quoting *Farmer,* 511 U.S. at 834); *see Estate of Ford v. Ramirez-Palmer,* 301 F.3d 1043, 1049–50 (9th Cir .2002).

"The circumstances, nature, and duration of a deprivation of [ ] necessities must be considered in determining whether a constitutional violation has occurred." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000), *cert. denied,* 532 U.S. 1065 (2001).

Here, plaintiff has not sufficiently alleged a violation of the Eighth Amendment obligation to provide adequate conditions of confinement. Plaintiff alleges that his cell is cold, noisy, and lacks a table, that he should be housed in a single-bed cell in general population, and that he was unlawfully placed on suicide watch. Dkt. 190 at 8-9, 25. However, plaintiff has no right to any specific housing assignment or configuration. *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987). He has not alleged facts to support a claim that his cell is so cold as to fall below the minimal civilized measure of life's necessities, nor does a lack of a table demonstrate a constitutional violation. He is currently housed in a single-bed cell in the IMU because of the anxiety he experiences in general population. Dkt. 190 at 7-8. Although plaintiff may have a right not to be in indefinite solitary confinement (*see Wilkinson v. Austin*, 245 U.S. 109, 224 (2005) (holding indefinite confinement in a supermax facility violates due process)), he has not alleged facts to support such a claim. Further, prison officials have an obligation to protect suicidal inmates from self-inflicted harm. *Farmer*, 511 U.S. at 838-40. Therefore, special conditions to address this risk is not actionable. Finally, he does not have a right to specific housing and therefore no right to a single-bed cell in general population. *See Hernandez*, 833 F.2d at 1318. Because plaintiff has no right to any specific housing arrangement and because officials have an obligation to protect potentially suicidal inmates, plaintiff has not demonstrated that his conditions of confinement are unconstitutional.

He also alleges that his constitutional rights were violated when he was required to sleep with his head away from the door, near a table on which he injured himself. Dkt. 190 at 17, 21.

However, the table is not inherently dangerous and sleeping next to it does not constitute deliberate difference to an excessive risk to plaintiff's health. *See Allen*, 48 F.3d at 1087. Because of this, plaintiff has again not demonstrated that his housing conditions are inadequate. Therefore, the Court recommends defendants' motion be granted as to this claim.

## VI. Access to Courts

Plaintiff also alleges that defendants have impeded his First Amendment right of access to courts. Inmates have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). In *Bounds,* the Supreme Court held that the right of access imposes an affirmative duty on prison officials to assist inmates in preparing and filing legal papers, either by establishing an adequate law library or by providing adequate assistance from persons trained in the law. *Id.* at 828. In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court held a prisoner must show some actual injury resulting from a denial of access in order to allege a constitutional violation. *Id*. at 349.

To establish that he suffered an actual injury, plaintiff must show "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *Christopher v. Harbury*, 536 U.S. 403, 415, (2002); *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011); *Phillips v. Hurst*, 588 F.3d 652, 655 (9th Cir. 2009). The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 cases. *See Lewis*, 518 U.S. at 353 n. 3, 354-55. "Failure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to [an access to courts] claim." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008) (quoting *Lewis*, 518 U.S. at 353 & n. 4).

Plaintiff alleges that defendants Ramirez,[2] Thompson, Brown, and Sullivan "grossly delayed plaintiff's legal services, processing, mailing, photo copying, [and] legal [supplies] . . ." forcing plaintiff to use the back of prison kites to write his pleadings. Dkt. 190 at 26-27. However, he provides no detail about defendants' actions beyond this broad statement. Plaintiff also alleges that defendant Jerry Dunleavy deprived him of his approved legal box, failing to return it for eleven months. *Id*. at 7. He alleges that this action interfered with his access to courts, but provides no additional details.

Here, plaintiff has not alleged sufficient facts to show that any defendant unlawfully limited his access to courts. He provides little detail about the incidents, making it impossible for the Court to discover if the case he was working on was one of the three approved non-frivolous actions. Further, without more detail, the Court cannot determine what injury, if any, plaintiff suffered from the alleged violations. Because plaintiff cannot establish that an actual injury occurred, prejudicing his case, plaintiff has not effectively pled a claim for which relief can be granted. Therefore, the Court recommends that defendants' motion be granted as to this claim.

### VII. Conspiracy Claims Under 42 U.S.C. § § 1985 and 1986

Plaintiff also claims that defendants have formed a conspiracy and infringed on his rights in violation of 42 U.S.C. § § 1985 and 1986. In pertinent part, § 1985 prohibits "two or more persons" from "depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws[.]" 42 U.S.C. § 1985 (3). A mere allegation of conspiracy without supporting facts is insufficient to state a claim under § 1985. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 625 (9th Cir. 1988). Further, a

---

[2] As defendants correctly note (Dkt. 198 at 14), defendant Ramirez is listed in plaintiff's third amended complaint as OAS Romez. Dkt. 190 at 26.

claim under § 1986 can only succeed if plaintiff has already shown a valid claim under § 1985. *Id.* at 626.

Here, plaintiff makes vague allegations that various defendants colluded to deprive him of his constitutional rights. *See, e.g.*, Dkt. 190 at 8. However, he does not explain what defendants actually did, except to say that they were joined in a conspiracy. An allegation of conspiracy without supporting facts is insufficient to state a claim under § 1985. Without a viable § 1985 claim, plaintiff cannot recover under § 1986. Because of this, plaintiff has not stated a claim for which relief can be granted under either section of the statute. Therefore, the Court recommends defendants' motion be granted as to this claim.

### VIII. Notice of Voluntary Dismissal

Plaintiff has also filed a notice of voluntary dismissal as to 11 defendants. Dkt. 239. Federal Rule of Civil Procedure 41 allows plaintiff to voluntary dismiss a claim or a defendant without a court order "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41 (a)(1)(A)(i). Because plaintiff has filed this notice before defendants filed an answer or motion for summary judgment, plaintiff may voluntarily dismiss the named defendants. Therefore, the Court recommends granting plaintiff's voluntary dismissal and dismissing defendants Cleveland, Preston, McKenny, Ramirez, Sullivan, Forbes, Kroha, Turpine, Bowers, "Dr. Assistant Roberts or Pederson," and "John Doe Whom Acted on 7-7-14." Dkt. 239.

### IX. Qualified Immunity and Other Outstanding Motions

Because the Court has already recommended dismissal based on other grounds, the Court declines to analyze whether defendants enjoy qualified immunity here. Further, because the Court has recommended that defendants' motions be granted and that plaintiff's action be

dismissed, the Court also recommends that all outstanding motions (Dkts. 203, 204, 215, 228, 229, 230, 231) be denied without prejudice.

### X. Leave to Amend

Defendants request that the Court deny leave to amend, noting that plaintiff has already filed 14 different complaints across his four consolidated cases. However, the Ninth Circuit has established that *pro se* litigants bringing civil rights actions must be given opportunity to amend their complaint to overcome deficiencies unless it is clear such deficiencies cannot be overcome by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). Here, plaintiff first alleges deliberate indifference. As noted above, even with additional details, mere misdiagnosis or differences in medical opinion do not rise to the level of constitutional violations. *See Franklin*, 662 F.2d at 1344. Similarly, plaintiff's alleged injury in his conditions of confinement claim amounts to having to choose between a one-bed IMU cell or a two-bed general population cell. Again, even if given the ability to amend, there is no constitutional guarantee to specific housing (*see Hernandez*, 833 F.2d at 1318), and so plaintiff cannot establish a constitutional violation. In addition, plaintiff's conspiracy claims are based on his deliberate indifference and conditions of confinement claims. Because there is no underlying constitutional violation, amendment of these claims would be similarly futile.

However, plaintiff has also presented a claim involving access to courts alleging that several defendants failed or delayed in filing legal documents for him. Though plaintiff has not demonstrated injury in his current complaint, allowing him to amend would provide him the opportunity to explain exactly what defendants Ramirez, Thompson, Brown, and Sullivan allegedly did, and exactly what injury he allegedly suffered as a result. Therefore, giving him an opportunity to amend would be appropriate.

Similarly, plaintiff has not established that he is disabled for purposes of his ADA claim, nor which defendants, if any, discriminated against him or denied him accommodations. However, giving plaintiff leave to amend would allow plaintiff the opportunity to remedy these deficiencies.

**CONCLUSION**

For the reasons set forth above, the Court recommends dismissing plaintiff's action with leave to amend alleging only certain specified claims Plaintiff should have one more opportunity to amend his complaint. The amended complaint should set forth in simple and plain language his claim that he has been denied access to the courts and his claim that he has been discriminated against because of an alleged disability. The Court again reminds plaintiff that his that failure to file a complaint setting forth a simple and plain statement of his case will result in this Court recommending that the amended pleading be dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 5, 2018** as noted in the caption.

Dated this 13th day of December, 2017.

J. Richard Creatura
United States Magistrate Judge