UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TERRANCE JON IRBY,

    Plaintiff,

v.

STATE OF WASHINGTON, et al.,

    Defendants.

CASE NO. 3:15-cv-05208-RBL-JRC

ORDER ON MISCELLANEOUS MOTIONS

Plaintiff Terrance Jon Irby, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Pending before the Court are plaintiff's eight miscellaneous motions.[1]

---

[1] Plaintiff has filed: 1) motion for certificate of interlocutory appeal (Dkt. 266); 2) motion for clarification/instructions (Dkt. 270); 3) motion to strike defendant Furst's motion for summary judgment (Dkt. 275); 4) motion for enlargement of time (Dkt. 276); 5) motion to transmit record to the Ninth Circuit (Dkt. 278); 6) motion for clarification (Dkt. 285); 7) motion to strike (Dkt. 290); and 8) motion to dismiss parties (Dkt. 293). Plaintiff also has a motion for reconsideration pending before the Honorable Ronald B. Leighton (Dkt. 257) and defendant Furst has filed a motion for summary judgment (Dkt. 261). Those motions will be dealt with in separate orders or reports and recommendations.

**BACKGROUND**

Plaintiff originally filed four separate actions, which were consolidated in June of 2017. Dkt. 111. Plaintiff filed a consolidated amended complaint that same month. Dkt. 116. He filed a second amended complaint in September of 2017 (Dkt. 165), as well as a subsequent correction to the complaint (Dkt. 167). Because both the Court and defendants were confused by plaintiff's numerous filings, the Court granted plaintiff's request to "correct his 'corrected second amended complaint'" (Dkt. 189 at 3-4), and directed the clerk to file his third amended complaint (*Id*.; Dkts. 178, 190). The Court subsequently recommended that all his claims except his claims pertaining to the American with Disability Act ("ADA") and access to courts be dismissed, warning plaintiff that failure to provide a plain statement of his remaining claims would result in a recommendation for dismissal. Dkt. 244. The District Court adopted the Court's recommendation. Dkt. 245.

Plaintiff subsequently filed the current pending motions (Dkts. 266, 270, 275, 276, 278, 285, 290) along with numerous other filings.

**DISCUSSION**

I.   **Order to Show Cause**

On February 20, 2018, the Court ordered the parties to show cause why this case should not be stayed pending the resolution of plaintiff's appeal to the Ninth Circuit Court of Appeals. Dkt. 282. State defendants filed a response on February 26, 2018, stating they do not oppose a stay on the case. Dkt. 284. On February 27, 2018, the Ninth Circuit issued an order dismissing plaintiff's appeal for lack of jurisdiction. Dkt. 286. Defendant Furst then filed a response objecting to the stay because plaintiff's appeal had been terminated. Dkt. 291. Because the Ninth

Circuit appeal has been terminated, and with the benefit of defendants' responses to the order to show cause, the Court declines to stay this case at this time.

**II.     Motion to Strike Plaintiff's Motion and Admission of Evidence**

Plaintiff requests that, in light of the Ninth Circuit's decision to deny his appeal, the Court strike two of his motions, citing to Dkts. 270 and 277. Dkt. 290. The Court interprets this motion as a motion to withdraw plaintiff's previous motions. His motion at Dkt. 270 is a motion for clarification, but the document located at Dkt. 277 is an order signed by Judge Leighton. Because the Court has not yet ruled on plaintiff's motion at Dkt. 270 (*see* LCR 7(l)), the Court grants his motion to withdraw (Dkt. 285) as to the motion for clarification. The Clerk is directed to strike plaintiff's motion for clarification at Dkt. 270. However, because the other identified "motion" is an order from Judge Leighton, the Court denies plaintiff's motion as to the order at Dkt. 277.

Plaintiff has also provided additional exhibits and additional argument with this motion. *See* Dkt. 290. However, he makes no further request for the Court's action. Because the remainder of his motion does not appear to request additional action from the Court, the Court denies it as moot.

**III.    Motion for Clarification**

It is unclear what plaintiff is requesting from the Court with his motion for clarification. It appears that he is trying to explain which document is the operative complaint, pointing out that there are several pending motions to which defendants have not responded, and ensuring that defendant Furst's answer at Dkt. 210 is "renoted" with his fourth amended complaint. Dkt. 285. The remainder of the filing appears to be additional argument supplementing his complaint, largely regarding claims the Court has already dismissed. *See id*. Insofar as plaintiff requests

defendants answer his motions, the time to answer has already passed and the Court declines to renote the motions to allow for additional time. Insofar as plaintiff attempts to clarify his own filings, the Court takes note of those clarifications. Otherwise, because plaintiff does not appear to request additional action from the Court, the motion for clarification (Dkt. 285) is denied as moot.

**IV. Motion to Strike Defendant Furst's Motion**

Plaintiff also moves to strike defendant Furst's motion for summary judgment. Dkt. 275. Under the local rules, a motion to strike must be incorporated into a response rather than filed as a stand alone motion. LCR 7(g). Therefore, the Court interprets plaintiff's motion (Dkt. 275) as a response to defendant Furst's motion for summary judgment containing a motion to strike. Because the Court has not yet made a determination on the merits of defendant Furst's motion, the Court denies plaintiff's motion to strike (Dkt. 275), but will consider it as a response to defendant Furst's motion for summary judgment (Dkt. 261) when the Court makes a determination on that motion.

**V. Ninth Circuit Motions**

Plaintiff requests that the Court provide him a certificate for interlocutory appeal (Dkt. 266) and that the Court transmit the record from this case to the Ninth Circuit (Dkt. 278). After filing his motion for the certificate (Dkt. 266), but before the Court made a ruling, petitioner filed an interlocutory appeal anyway (Dkt. 273). However, the Ninth Circuit has returned a mandate denying the interlocutory appeal. Dkt. 297. Therefore, because petitioner filed his appeal without the certificate and because the Ninth Circuit has already disposed of his appeal, the Court denies the motion for certificate (Dkt. 266) and motion to transmit the record (Dkt. 278) as moot.

1     **VI.    Motion for Enlargement of Time and Joinder**

2     Plaintiff requests the Court retroactively grant him additional time in order to file his

3 proposed fourth amended complaint and to join additional defendants in his action. Dkt. 276.

4 Defendants oppose this motion, noting that plaintiff has not sought leave from the Court to file

5 this particular amended complaint and that it "rehashes all of [plaintiff's] original – and now

6 dismissed – claims." Dkt. 280 at 3. Defendants also argue that the new defendants to be joined

7 are defense counsel and improper here. *Id*. at 4. The Court agrees.

8     A party may "amend its pleading once as a matter of course," but must receive the

9 Court's leave or the opposing party's written consent in order to amend a pleading otherwise.

10 Fed. R. Civ. P. 15(a). Here, plaintiff has received neither. Further, he has already filed numerous

11 other complaints. *See* Dkts. 116, 165, 167, 178, 182, 190. Accepting this additional, overlength

12 pleading focusing on claims the Court has already dismissed would serve no purpose.

13     Further, defendants may only be joined when their absence would prevent "complete

14 relief among the existing parties" or when the person to be joined "claims an interest relating to

15 the subject of the action . . . ." Fed. R. Civ. P. 19(a)(1). As defendants properly note, neither

16 circumstance applies here.

17     Therefore, plaintiff's motion for enlargement of time to file his fourth amended

18 complaint and joinder of defendants (Dkt. 276) is denied.

19     **VII.    Motion to Dismiss Defendants**

20     Finally, plaintiff has filed a motion to dismiss defendant Robertson and/or Roberts. Dkt.

21 293. Plaintiff notes that defendant Robertson/Roberts has already been dismissed, but that

22 defendants' counsel continues to enter orders of appearance for defendant Robertson. The Court

23 notes that defendant "Roberts" was dismissed in November of 2017 (Dkt. 225) and defendant

24

"Robertson" was dismissed in August of 2017 (Dkt. 160). Therefore, the Court grants plaintiff's motion. Counsel for defendant Roberts/Robertson is notified that they need no longer enter appearances or responsive pleadings on behalf of defendant Roberts/Robertson because he is no longer part of the case.

## CONCLUSION

For the reasons stated above, the Court denies plaintiff's motion for certificate of appealability (Dkt. 266), motion to strike defendant Furst's motion for summary judgment (Dkt. 275), motion for enlargement of time (Dkt. 276), motion to transmit record (Dkt. 278), motion for clarification (Dkt. 285), and motion to strike (Dkt. 290) insofar as it makes no request for this Court's action. The Court grants plaintiff's motion to strike (Dkt. 290) insofar as the Court interprets it as a motion to withdraw, and grants plaintiff's motion to dismiss defendants (Dkt. 293). Because the Court granted plaintiff's motion to strike (Dkt. 20) in part, the Clerk is directed to strike plaintiff's motion for clarification (Dkt. 270).

Dated this 3rd day of April, 2018.

J. Richard Creatura
United States Magistrate Judge